UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEBORAH MANEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 3:25-cv-01129 |
| **f/n/u BELL, Judge, *et al.*,** | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against Judge f/n/u Bell, Judge Rochell Rockill, McDonald Women's Shelter, Glen Albetio, Birch Courthouse, and Jane Doe, a division of "Counter Tatian". (Doc. No. 1).

### I. FILING FEE

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. Adkins, 335 U.S. at 339; Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." Foster, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." Id.

1

According to Plaintiff's IFP Application, her monthly income totals $967 from Supplemental Social Security payments, she is homeless, her monthly expenses total $750, and she has $1600 in a bank account. (Id.) Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." Denton v. Hernandez, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" Id. at 31 (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hill v. Lappin, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed.

2

R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001) (citing Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. Pliler v. Ford, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. Payne v. Secretary of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

As best the Court can discern,[1] the complaint alleges that Judge f/n/u Bell declared Plaintiff "incompetent" in a state court proceeding in Nashville. (Doc. No. 1 at 3). According to the complaint, Plaintiff has never been before Judge Bell; she alleges "[t]hat's funny the whole incompetence pussy bey humor or the killing murder torturing." (Id.) Plaintiff concedes that she has a "mental challenge/chemical imbalance" but "as long as [she] can read write understand—[she's] good." (Id. at 4). Plaintiff alleges that Defendants "try to embarrass [her] in front of courthouse." (Id.)

Judge Rockill and Glen Albieto "has [sic] no right labeling [Plaintiff] refusing [her] to write up lawsuit at Birch Building." (Id. at 4). "McDonald stopped an attorney from working for [Plaintiff]." (Id.)

---

[1] It is difficult to distill Plaintiff's handwritten statements into coherent narratives and causes of action.

The complaint asks for the terminations of Judges Bell and Rockill and Glen Albieto as well as punitive damages. (Id.)

## IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint cannot survive screening under Section 1915(e)(2).

First, with respect to Plaintiff's claims against state-court judges for decisions rendered in state-court cases, Rooker-Feldman provides that federal courts are divested of subject-matter jurisdiction in "cases where they are called upon to review state court judgments." Johnson v. Ohio Supreme Court, 156 F. App'x 779, 781 (6th Cir. 2005) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 282 (2005)). In other words, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments," id. (internal quotation marks and citation omitted), and over claims that are "inextricably intertwined" with state court judgments. Id. at 782.

This lawsuit, at least in part, appears to arise from state court proceedings before Judge Bell.[2] Plaintiff's claims that she should not have been declared incompetent are inextricably intertwined with Judge Bell's decisions and hearings that occurred in state court. Thus, for the Court to review Plaintiff's federal constitutional claims against Judge Bell, it would have to review the reasoning behind the judge's incompetency ruling and consider the judge's conduct during the state court proceedings. This is precisely the type of review prohibited by Rooker-Feldman.

In any event, it is well-settled that judges are immune from suit for money damages,

---

[2] The Court understands Plaintiff to be referring to Davidson County General Sessions Division VIII Judge Rachel L. Bell. However, the Court is unable to locate a judge named Rochell Rockill, and the complaint does not allege any judicial actions taken by a Judge Rockill concerning Plaintiff or any other person.

including actions brought under 42 U.S.C. § 1983 for alleged deprivations of civil rights. Mireles v. Waco, 502 U.S. 9, 9 (1991); Stern v. Mascio, 262 F.3d 600, 606 (6th Cir. 2002). The act of which Plaintiff complains—Judge Bell declaring Plaintiff incompetent—is quintessentially judicial. Judicial immunity also applies to Plaintiff's claim for injunctive relief. See Ward v. City of Norwalk, 640 F. App'x 462, 467 (6th Cir. 2016).

As for the other named Defendants, the complaint does not allege that Glen Albieto or Jane Doe are state actors subject to suit under Section 1983. The Court has been unable to locate any individual employed by a Davidson County Court named Glen Albieto. Plaintiff's failure to identify a defendant acting under color of state law is a failure of the required "basic pleading essential[s]." See Sango R. Ault, No. 1:14-CV-345, 2014 WL 1744726, at *3 (W.D. Mich. Apr. 30, 2014).

Moreover, there are no allegations in the complaint describing any actions allegedly taken by Jane Doe. See Green v. Correct Care Sols., No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases) ("It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints.").

Finally, Defendants Birch Courthouse and McDonald Women's Shelter are buildings, not "persons" who can be sued under 42 U.S.C. § 1983. Cf. Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); Seals v. Grainger County Jail, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983.").

Accordingly, the complaint must be dismissed on immunity grounds, for failure to state claims upon which relief can be granted, and for failure to name Defendants capable of being sued under Section 1983. Alternatively, the complaint must be dismissed as frivolous or delusional.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal under 28 U.S.C. 1915(e). Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE